■ RICARDO BERRIOS, Respondent, v ROCKEFELLER GROUP, INC., et al., Appellants, et al., Defendant. [622 NYS2d 110] —In an action to recover damages for personal injuries, false arrest, assault, and malicious prosecution, the defendants Rockefeller Group, Inc., and Rockefeller Center Management Corp. appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (I. Aronin, J.), entered April 23, 1993, as granted the branch of the plaintiff's motion which was for leave to serve and file a supplemental summons and amended complaint naming Rockefeller Center Properties as an additional defendant.

Ordered that the appeal by Rockefeller Center Management Corp. is dismissed, as it is not aggrieved by the order appealed from *(see,* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as appealed from by Rockefeller Group, Inc.; and it is further,

Ordered that the respondent is awarded one bill of costs.

The instant action arises from an incident wherein the defendant Michael Aherne, a security guard working at Rockefeller Center, allegedly assaulted and maliciously charged the plaintiff with several criminal offenses. In his original summons and complaint, the plaintiff named Aherne and two corporations, Rockefeller Group, Inc., and Rockefeller Center Management Corp., as party defendants. During pretrial discovery proceedings, the attorney for the plaintiff became aware that Aherne was actually employed by Rockefeller Center Properties, an entity which had not been named as a party defendant, at the time of the subject incident. Although the applicable Statute of Limitations had expired, the court granted the branch of the plaintiff's motion which was for leave to serve a supplemental summons and amended complaint to name Rockefeller Center Properties as an additional defendant. We affirm.

Contrary to the appellant's contentions, and the conclusion reached by our dissenting colleague, the plaintiff demonstrated that the delay in naming Rockefeller Center Properties as a defendant was not due to his own inexcusable

neglect, and that the latter entity was united in interest with the defendant, Michael Aherne *(see, Brock v Bua,* 83 AD2d 61).

The record indicates that Aherne gave equivocal answers to questions posed to him during his deposition with respect to the identity of his employer. Additionally, the court had previously ordered Aherne and the corporate defendants to submit to further depositions because of the equivocal, incomplete, and evasive responses given during their initial examinations with respect to this subject. Under the circumstances here, we disagree with our dissenting colleague's conclusion that the plaintiff was fully aware of the employment relationship between Aherne and Rockefeller Center Properties after the initial depositions in June 1991.

We note that the order appealed from dismissed the complaint insofar as it was asserted against Rockefeller Center Management Corp. Consequently, Rockefeller Center Management Corp. is not aggrieved by the order and its appeal from the order must be dismissed. Bracken, J. P., Ritter, Pizzuto and Florio, JJ., concur.

Balletta, J., dissents and votes to reverse the order insofar as appealed from, and deny the branch of the plaintiff's motion which was for leave to serve and file a supplemental summons and amended complaint naming Rockefeller Center Properties as an additional defendant, with the following memorandum: I disagree with the majority. The delay in naming Rockefeller Center Properties as a defendant was solely caused by the plaintiff's own inexcusable neglect and delay. While the majority claims that the plaintiff was unaware of the fact that Michael Aherne was employed by Rockefeller Center Properties until after the deposition on June 17, 1992, it is clear from the record that he was fully aware of this fact in August 1991.

The examination before trial on June 17, 1992, is a continuation of the examinations held in August 1991. Although the transcript of that examination before trial does not appear in the record, the attorney for the plaintiff, who claims lack of knowledge as to Mr. Aherne's employment by Rockefeller Center Properties, asked the following questions: "The previous time you gave your deposition, you testified that on or about January 1, 1988, you worked for Rockefeller Center Properties. Do you recall that, giving that testimony?"

After an on-the-record discussion between the attorneys, the question was again asked: "Who were you employed by on

January 1, 1988?" Then, although the transcript of that examination had not been furnished to Mr. Aherne, he answered, "I believe it was Rockefeller Center Properties."

Although the answer given by Mr. Aherne was somewhat equivocal, that is not dispositive of the issue since the original question which came from the plaintiff's attorney was in the form of a definitive statement which clearly indicated that the plaintiff was fully aware of the employment relationship between Mr. Aherne and Rockefeller Center Properties after the first examination before trial. Mr. Aherne had apparently given clear testimony to that effect in his earlier examination before trial.

In my view, only the plaintiff can be faulted for failing to name Rockefeller Center Properties as a defendant at a substantially earlier time. The plaintiff was well aware of the fact that Rockefeller Center Properties was united in interest with Mr. Aherne. Therefore, the plaintiff has failed to meet the criteria as set forth in *Brock v Bua* (83 AD2d 61).